NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 30, 2013
Decided December 23, 2013

**Before**

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3529

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> EDWIN SANCHEZ, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:10-cr-00131-2 <br><br> Charles R. Norgle, *Judge*. |

**O R D E R**

Edwin Sanchez pled guilty to a one-count superseding indictment that charged him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. The conspiracy began in 2007 and continued until approximately June 2009.

Sanchez's 262-month sentence included a two-level enhancement under U.S.S.G. § 2D1.1(b)(12)—the so-called "stash house" enhancement. This enhancement was new to the 2010 Guidelines and thus was not in effect at any point during the conspiracy for which

Sanchez was convicted. At sentencing, and on appeal, Sanchez argued that applying this enhancement to his case violated the *ex post facto* clause. Applying our precedents, we found no such violation. *United States v. Sanchez*, 710 F.3d 724, 727–28 (7th Cir. 2013) (citing *United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006)).

Sanchez then petitioned the Supreme Court for a writ of certiorari. While his petition was pending, the Supreme Court decided *Peugh v. United States*, 133 S. Ct. 2072 (2013). *Peugh* held that sentencing a criminal defendant under current Guidelines that recommend a higher sentence than the Guidelines in effect at the time of the offense violated the *ex post facto* clause. The Supreme Court remanded Sanchez's case for reconsideration in light of *Peugh*.

In light of *Peugh*, it is clear the district court erred by employing the stash house enhancement when sentencing Sanchez. The two-level enhancement, which became effective on November 1, 2010, when the 2010 Guidelines took effect, was not in force at the time of Sanchez's offense. And the application of the enhancement increased Sanchez's sentence by two levels, thus increasing the length of his Guidelines-suggested sentence.

When the district court errs in determining the applicable Guidelines range, as the district court did here, we must determine if the error was harmless. *United States v. Zahursky*, 580 F.3d 515, 527 (7th Cir. 2009). If the record makes clear that the sentencing judge would have imposed the same sentence under the older guidelines, an *ex post facto* error may be considered harmless. *Peugh*, 133 S. Ct. at 2088 n.8. Essentially, the government must show that the error did not affect the district court's choice of sentence. *See United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009).

We have previously found a Guidelines calculation error to be harmless where the sentencing judge clearly stated on the record that he would have imposed the same sentence regardless of the Guidelines calculation. *United States v. Foster*, 701 F.3d 1142, 1157 (7th Cir. 2012) (error in applying the Fair Sentencing Act harmless where judge explicitly stated, "this is the sentence I would impose whether the Fair Sentencing Act applied or not."); *Abbas*, 560 F.3d at 667 (finding harmless error where sentencing judge said she would impose the same sentence even if the improperly-applied guideline did not apply); *United States v. Anderson*, 517 F.3d 953, 965 (7th Cir. 2008) (same).

The court in this case made no such statement. After overruling Sanchez's objection to the application of the stash house enhancement, the court decided that the enhancement "will be considered by the Court in reaching a sentence." And after considering the 18 U.S.C. § 3553(a) factors, the court found no reason to deviate from the Guidelines

sentencing range. It then imposed a 262-month sentence, which fell at the low end of the range it had calculated, including the contested enhancement. Had the court calculated the Guidelines range properly, without the two-level enhancement, the 262-month sentence would have fallen at the high end of the suggested sentencing range.

Given the above, we cannot find that the district court's *ex post facto* violation was harmless. We thus REMAND the case to the district court for resentencing.